■ In the Matter of the Claim of MURRAY STREIT, Respondent, v. 303 CHERRY STREET Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board discharging the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law on the finding that the employer did not have sufficient knowledge of the nature and extent of the alleged pre-existing condition. To sustain a claim under subdivision 8 of section 15 an employer must have sufficient prior knowledge of the nature and extent of the pre-existing impairment, including its permanency. In *Matter of Bellucci* v. *Tip Top Farms* (24 N Y 2d 416, 420) the Court of Appeals on the issue of knowledge of permanency stated that "the policy of the statute and the rationale of the knowledge requirement are met  *  *  *  if the prior physical impairment is in fact permanent, and the employer hires or continues in employment a worker with knowledge of the impairment and a good faith belief of its permanency. Certainly, the statutory purpose does not require that the employer have medical evidence or knowledge to a point of medical certainty concerning the permanency of the impairment.  *  *  *  The policy of encouraging employment of the handicapped would be frustrated if an employer's good faith belief that its employee suffers from a permanently disabling condition is not sufficient to entitle the employer or its carrier to reimbursement from the Special Disability Fund in the event of a compensable subsequent injury. Although some factual basis should be required for the employer's conclusion of its employee's permanent impairment to prevent assertion of fraudulent claims against the Special Disability Fund, it is sufficient that the facts (including the employer's prior experience or education)

support the employer's avowed conclusion that its employee suffered from a permanent physical impairment." The board found: "Mr. Korn, partner in the firm, testified that when he hired claimant he told him that he had a 30% disability from the army because of a nervous condition. Claimant did a good job so he kept him on even though he took a day off now and then because of his nervous condition. He believed that claimant's nervousness or mental condition was a permanent thing. Claimant testified that when he was hired he told employer about the 30% nervous disability. Mr. Korn let him take a day off occasionally when he did not feel well. He would call Mr. Korn and tell him he was not feeling well because of his nervous condition and Mr. Korn would make arrangements to have someone else take his place." The tenor of this statement would indicate that the board found that the employer had knowledge of the nature of the condition and if this is so its conclusions "that the employer did not know the quality of the previous impairment and extent thereof" and further "that there was no informed knowledge under Section 15-8 and that Special Funds under provisions of Section 15-8 should be discharged from liability" could well be premised on a legal position which *Bellucci* (*supra*) condemns. Accordingly, on this state of the record the decision must be reversed and the matter remitted to the board. Decision reversed, on the law and the facts, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Special Disability Fund. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.